UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

          Plaintiff,

v.

SHARON ROSS,

          Defendant.

Case No. 23-CR-82 (NEB/DTS)

PRELIMINARY ORDER OF FORFEITURE

Based on the United States' Motion for a Preliminary Order of Forfeiture, (ECF No. 53); on the Indictment, (ECF No. 1), and the Plea Agreement entered into between the United States and Defendant Sharon Ross, (ECF No. 43); and on the Court having found that certain property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c), the United States has established the requisite nexus between such property and the offense to which Defendant has pleaded guilty,

IT IS HEREBY ORDERED that:

1. The United States' Motion for a Preliminary Order of Forfeiture (ECF No. 53) is GRANTED**;**

2. The real property including all structures located at 312 Chippenham Lane, Willernie, Minnesota ("the Property") is forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c);

3. The Attorney General or his authorized designee may seize and maintain custody and control of the Property pending the entry of a Final Order of Forfeiture;

4. A money judgment forfeiture is ENTERED against Defendant Ross pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) in the amount $1,241,455;

5. Defendant Ross shall receive a credit against the money judgment forfeiture for the net forfeited value of each asset that is forfeited from her in connection with this case;

6. Defendant Ross is ORDERED to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2)(C), any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of Count 1 of the Indictment;

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and (c)(1)(B), and 21 U.S.C. § 853(m), the United States may conduct discovery as to Defendant Ross to identify property subject to forfeiture under the terms of this order and to address any factual issues raised by a third-party petition filed pursuant to Fed. R. Crim. P. 32.2(c);

8. The United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), publish and give notice of this Order and its intent to dispose of the Property in such manner as the Attorney General may direct;

9. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to Defendant Ross at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

10. following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the Property and may warrant good title to any subsequent purchaser or transferee; and

11. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated: November 19, 2024              BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge